#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF ILLINOIS
#### EASTERN DIVISION

| | |
|---|---|
| MELIQUA D. PAGE, | |
| Plaintiff, | Case No. 1:23-cv-03668 |
| v. | Judge John F. Kness |
| RADIUS GLOBAL SOLUTIONS, LLC, | |
| Defendant. | |

### JOINT INITIAL STATUS REPORT UNDER RULE 26(f)

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

**I.** **Nature of the Case**

    A.    Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.

| | |
|---|---|
| **Nathan C. Volheim** (Lead Attorney) | **James K. Schultz** (Lead Attorney) |
| Sulaiman Law Group, Ltd. | Sessions, Israel & Shartle, LLP |
| 2500 South Highland Avenue, Suite 200 | 1550 Hotel Circle North, Suite 260 |
| Lombard, Illinois 60148 | San Diego, CA 92108 |
| Phone: (630) 575-8181 | (312) 504-3485 |
| Fax: (630) 575-8188 | jschultz@sessions.legal |
| nvolheim@sulaimanlaw.com | |

    B.    State the basis for federal jurisdiction. If based on diversity, state the domicile of all parties. As a reminder, domicile is different from residence—the former is what counts for diversity purposes. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012).

**Subject matter jurisdiction through federal question jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, as well as 28 U.S.C. §§ 1331 and 1337.**

> If the basis of jurisdiction is diversity, please remember that a corporation is treated differently than an LLC/LLP. Please note two things: first, if a party is a corporation, counsel must identify its place of incorporation and its principal place of business; second, if a party is a partnership or a limited liability company, counsel must identify the name and domicile(s) of every partner or member of each such entity. *See Belleville Catering Co. v. Champaign Market Place LLC*, 350 F.3d 691 (7th Cir. 2003); *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998); *Carden v. Arkoma Assoc.*, 494 U.S. 185 (7th Cir. 1990). If any partners or members are themselves partnerships or LLCs, the rule applies to their partners or members, too.

C. Provide a short overview of the case. (Please be brief.)

**Plaintiff alleges that Defendant repeatedly called her to collect upon a consumer debt that was not owed by Plaintiff. Plaintiff informed Defendant that the debt was not hers, and demanded that the calls stop, yet the calls continued in a harassing, deceptive, and unfair manner.**

**Defendant – Radius Global Solutions, LLC ("RGS") denies any violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e and Regulation F, 12 C.F.R. § 1006.14(b((2) and incorporates by reference its answer and affirmative defenses.**

D. Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.

**Plaintiff's complaint alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692e *et seq.* for Defendant's unlawful conduct. Specifically, Plaintiff alleges that Defendant continued to repeatedly place collection calls to her cellular phone after Plaintiff demanded that the phone calls cease and that the subject consumer debt did not belong to her.**

**Defendant – Plaintiff alleges RGS violated FDCPA and Regulation F by calling plaintiff in its attempts to collecting a debt that was not plaintiff's debt and continuing to call plaintiff despite her requests that RGS cease calling her. RGS denies any violations of the FDCPA and Regulation F. To the extent that there was any violation, it resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.**

E. What are the principal factual issues? (Please be brief.)

**Plaintiff:** The principal factual issues include: who owes the debt, how did Plaintiff get associated with the debt, when and how did Plaintiff demand that Defendant's phone calls cease, when and how did Plaintiff notify Defendant that the subject debt was not hers, how many phone

calls Defendant placed to Plaintiff, and the nature of Defendant's collection efforts and responses after becoming aware that Plaintiff demanded the calls stop and that she did not owe the debt.

**Defendant**: Whether the debt was a consumer debt subject to regulation under the FDCPA and Regulation F; whether the telephone number called is a telephone number associated with the actual debtor; whether RGS called plaintiff with knowledge that the debt was not hers; whether plaintiff requested RGS stop calling; whether RGS continued to call plaintiff after she requested RGS stop calling; whether the natural consequence of the calls was to harass plaintiff.

F.   What are the principal legal issues? (Please be brief.)

**Plaintiff:** Whether Defendant's engaged in harassing, deceptive, and/or unfair conduct in violation of the FDCPA by continuing to attempt to collect the debt from Plaintiff after Plaintiff demanded that the calls cease and that the subject consumer debt did not belong to her.

**Defendant**: **Whether the alleged conduct by RGS is subject to regulation under the FDCPA and Regulation F; whether the alleged conduct by RGS violated the FDCPA and Regulation F; and if there was any violation, whether the conduct was unintentional and resulted from bona fide error.**

G.   What relief is the plaintiff(s) seeking (money damages, injunctive relief, etc.)?

**Plaintiff seeks statutory damages, actual damages, as well as costs and reasonable attorney fees.**

H.   Have all the defendants been served, or waived service of process? If not, identify the defendants that have not received service.

**Defendant has been served and their Answer is due August 11, 2023.**

II.   **Case Scheduling and Discovery**

A.   Propose a discovery schedule. Include the following deadlines: (1) any amendment to the pleadings to add new claims, or new parties; (2) service of process on any "John Doe" defendants; (3) the completion of fact discovery; (4) the disclosure of plaintiff's expert report(s); (5) the deposition of plaintiff's expert; (6) the disclosure of defendant's expert(s); (7) the deposition of defendant's expert; and (8) dispositive motions. **Fill in the blanks below.** Also, submit a Word version of the proposed scheduling order to Judge Kness's proposed order inbox:

Proposed_Order_Kness@ilnd.uscourts.gov.

The template is available on the Court's webpage.

The parties are reminded that, under Rule 16(b) of the *Federal Rules of Civil Procedure*, the Court is required to issue a scheduling order that includes "the time

to join other parties, amend the pleadings, complete discovery, and file motions." **If the parties are unable to agree on proposed dates to govern the remainder of the case, or to present their competing proposals, the Court will set those dates as required by Rule 16 without input from the parties.** *See* **Fed. R. Civ. P. 16(b)(1).**

The parties are also reminded that the pendency of a dispositive motion, such as a motion to dismiss, **does not** automatically cause discovery to be stayed.

| Event | Deadline |
|---|---|
| Mandatory Initial Discovery Responses | September 18, 2023 |
| Motions to Amend the Pleadings | October 13, 2023 |
| Service of process on any "John Does" | No "John Does" have been names in the case caption. |
| Completion of Fact Discovery | February 29, 2024 |
| Disclosure of Plaintiff's Expert Report(s) | November 13, 2023 |
| Deposition of Plaintiff's Expert | December 12, 2023 |
| Disclosure of Defendant's Expert Report(s) | December 12, 2023 |
| Deposition of Defendant's Expert | January 11, 2024 |
| Dispositive Motions | April 19, 2024 |

B. How many depositions do the parties expect to take?

**Plaintiff expects to take one deposition of Defendant's designated corporate representative(s) under Fed. R. Civ. P. 30(b)(6).**

**Defendant expects to take plaintiff's deposition and any other fact witnesses identified during discovery.**

C. Do the parties foresee any special issues during discovery?

**Not at this time.**

4

  D. Rule 26(f)(2) requires the parties to propose a discovery plan. *See* Fed. R. Civ. P. 26(f)(2). Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views and proposals" on six different topics. *See* Fed. R. Civ. P. 26(f)(3). Have the parties discussed a discovery plan, including all of the topics required by Rule 26(f)(3)? If so, do the parties propose anything?

  If the parties do make any proposals, be sure to include them in the proposed scheduling order that will be sent to Judge Kness's proposed order inbox.

**III. Trial**

  A. Have any of the parties demanded a jury trial?

**Plaintiff has demanded a jury trial.**

  B. Estimate the length of trial.

**The parties believe that any trial should last no more than two days.**

**V. Settlement, Referrals, and Consent**

  A. Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing? (Do not provide any particulars of any demands or offers that have been made.)

**Plaintiff tendered a written settlement demand to Defendant on June 12, 2023. Defendant has not responded to the written settlement demand in writing.**

**Defendant anticipates a written response to the settlement demand prior to the Rule 26 conference.**

  B. Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?

**The parties do not request a settlement conference at this time.**

  C. Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties <u>unanimously consent</u> to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.

**The parties do consent to proceed in front of a Magistrate Judge.**

**IV. Other**

A. Is there anything else that the plaintiff(s) wants the Court to know? (Please be brief.)

**Not at this time.**

B. Is there anything else that the defendant(s) wants the Court to know? (Please be brief.)

**Not at this time.**

Date: August 11, 2023                                                          Respectfully Submitted,

*/s/ Nathan C. Volheim*
Nathan C. Volheim
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone: (630) 575-8181
Fax: (630) 575-8188
nvolheim@sulaimanlaw.com
*Counsel for Plaintiff*

*/s/ Brian D. Roth*
Brian D. Roth, Esq.
Sessions, Israel & Shartle, LLP
3838 N. Causeway Blvd., Suite 2800
Metairie, LA 70002
(504) 828-3700
broth@sessions.legal
-and-
James K. Schultz, Esq.
Sessions, Israel & Shartle, LLP
1550 Hotel Circle North, Suite 260
San Diego, CA 92108
(312) 504-3485
jschultz@sessions.legal

*Attorneys for Defendant*
*Radius Global Solutions, LLC*